EDWARD O. LEAR, State Bar No. 132699
lear@centurylawgroup.com
RIZZA D. GONZALES, State Bar No. 268118
gonzales@centurylawgroup.com
**CENTURY LAW GROUP LLP**
5200 W. Century Blvd. #345
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiffs
Richard A. Papapietro, Jr. and
Frances L. Papapietro

# Filed

FEB 21 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*Fee paid*
*SI*
(99)

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. PAPAPIETRO, JR., an individual, and FRANCES L. PAPAPIETRO, an individual,

Plaintiffs,

v.

TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; EXPERIAN INFORMATION SOLUTIONS, INC.; GREEN TREE SERVICING LLC,

Defendants.

Case No. CV-13 - 0770 HRL

**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681)**

1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**
2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**
3. **FAILURE TO RESPOND TO QWR (12 U.S.C. § 2605(E))**
4. **FAILURE TO INVESTIGATE (15 U.S.C. § 1681s-2(b)(1)(A)-(E))**
5. **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, RICHARD A. PAPAPIETRO, JR. and FRANCES L. PAPAPIETRO, (hereinafter "Plaintiffs" and/or "Papapietros") by counsel, and for their complaint against Defendants, allege as follows:

1

COMPLAINT

## JURISDICTION AND VENUE

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (hereinafter the "FCRA"); the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* (hereinafter "TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* (hereinafter "RESPA"). Specifically, Plaintiffs seek the remedies as provided in the FCRA, TILA, and RESPA for Defendants' failures to investigate and/or correct inaccurate credit report information as required  by 15 U.S.C. §§ 1681e and 1681i, and failures to respond to requests for the information regarding Plaintiffs' mortgage loan as required by 15 U.S.C. § 1641(f) and 12 U.S.C. § 2605(e).

## PARTIES

2.      The jurisdiction of this Court is conferred by 12 U.S.C. § 2614; 15 U.S.C. § 1681(p); and 28 U.S.C. § 1367.

3.      The Plaintiffs are natural persons and residents of Santa Clara County, California.  Each plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.      Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

5.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

COMPLAINT

7.    Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

8.    Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9.    Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10.   Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "TransUnion" and collectively with Experian and Equifax the "CRA's") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

11.   Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.   Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

13.   Upon information and belief, GREEN TREE SERVICING LLC ("GREEN TREE"), is a business entity organized under the laws of the State of Minnesota with a principal place of business at 345 St. Peter Street, St. Paul, Minnesota 55102, and is authorized to do business under the laws of the State of

COMPLAINT

California.  GREEN TREE transacts business in and has substantial contacts with the State of California.

14.    Upon information and belief, GREEN TREE is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiffs' Short Sale*

15.    On or about April 8, 200, Bank of America, NA ("BAC") made a mortgage loan secured by a deed of trust (hereinafter the "Mortgage") to Plaintiffs to purchase certain real property located at 68 Vista Knolls Court, Copperopolis, CA 95228, and designated as Assessor's Parcel Number 148-381-10 (hereinafter "Plaintiff's House").  BAC designated the Mortgage as loan number 692972452.

16.    The servicing of the Mortgage was transferred to GREEN TREE on April 1, 2010.

17.    Upon information and belief, the Mortgage was serviced by BAC and subsequently GREEN TREE.

18.    Upon information and belief, the Mortgage was also owned by BAC.

19.    The Mortgage is a consumer credit transaction within the meaning of, and subject to, TILA.

20.    The Mortgage is a "federally related mortgage loans" as defined in 12 U.S.C. § 2602(1) and therefore subject to RESPA.

21.    On or about July 27, 2010, the Plaintiffs' House was sold through non-judicial foreclosure.

### *Inaccurately Reported Information*

22.    In their credit reports regarding Plaintiffs, all three CRA's include inaccurate information from Plaintiffs' former creditor BAC regarding the Mortgage.

23.    The CRA's includes the following inaccurate information in their credit reports for Plaintiff regarding his former Mortgage with BAC which was

COMPLAINT

serviced by GREEN TREE:

- A charge-off amount of one hundred thirty-five thousand, nine hundred and fifty-two dollars ($135,952.00) when the property was subject to foreclosure;
- Late payments for all three CRA's when none should be reported due to the foreclosure; and
- A foreclosure date of July 2011, when the Plaintiffs' House was foreclosed upon on July 27, 2010.

### *Credit Report Dispute*

24.     When Plaintiffs discovered these erroneous entries in his credit reports, Plaintiffs contacted the CRA's and requested they verify and delete the erroneous information from their credit file.

25.     On or about October 23, 2012, Plaintiffs through their attorneys sent letters to all three CRA's via certified mail notifying them of the erroneous information regarding his former Mortgage.  Plaintiffs received confirmation that Experian, Trans Union, and Equifax received the dispute letters through correspondence.

26.     As of the date of filing this complaint, Plaintiffs have not received any further response from the CRA's regarding the substantive nature of the Plaintiffs' disputes and the disputed erroneous information has not been removed from their credit reports

27.     Upon information and belief, after receiving Plaintiffs' request for verification and deletion, and in accordance with their standard procedures, the CRA's did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiffs' credit report.

28.     In the alternative to the allegation that the CRA's failed to contact the

COMPLAINT

1   information reporter, GREEN TREE, Plaintiffs allege on information and belief that

2   the CRA's did forward some notice of the dispute to GREEN TREE and failed to

3   conduct a lawful investigation.

4       29.   In the alternative to the allegations that the CRA's failed to contact the

5   information reporter, GREEN TREE, Plaintiffs allege on information and belief that

6   the CRA's did forward some notice of the dispute to GREEN TREE and GREEN

7   TREE failed to conduct a lawful investigation, review all relevant information,

8   report the results of its investigation to the CRA's, report incomplete or inaccurate

9   information to the CRA's, and/or for information that is inaccurate or incomplete or

10  cannot be verified by any reinvestigation promptly modify, delete or permanently

11  block that item of information.

12  *Qualified Written Requests*

13      30.   On or about October 23, 2012, Plaintiffs sent a letter (hereinafter the

14  "Qualified Written Request") via certified mail to GREEN TREE requesting,

15  among other things, the identity of all parties with an interest in the Mortgage and

16  an accounting of all payments and credits, among other information, in order to

17  verify the information GREEN TREE is reporting to the CRA's.

18      31.   The Qualified Written Request clearly stated that it was a "qualified

19  written request" being made pursuant to RESPA and TILA.

20      32.   The Qualified Written Request included Plaintiffs' name, property

21  address, and loan number of the Mortgage.

22      33.   The Qualified Written Request stated the reasons Plaintiffs believed

23  their account was in error and that the purpose of such Qualified Written Request

24  was to correct inaccuracies being reported by the CRA's.

25      34.   The Plaintiffs received a response from GREEN TREE on November

26  8, 2012 indicating that it needed a third party authorization from Plaintiffs' counsel.

27      35.   Plaintiffs' counsel submitted a third party authorization and have not

28  received any further response from GREEN TREE.

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures as to Defendants CRA's -- 15 U.S.C. § 1681e)

36.   Plaintiffs reallege and incorporate paragraphs 1 through 35 above as if fully set forth herein.

37.   Defendants CRA's violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiffs.

38.   As a result of this conduct, action and inaction of Defendants CRA's, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

39.   Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

40.   Plaintiffs are entitled to recover attorney's fees from Defendants CRA's in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

### (Failure to Reinvestigate as to Defendants CRA's – 15 U.S.C. § 1681i)

41.   Plaintiffs reallege and incorporate paragraphs 1 through 35 above as if fully set forth herein.

42.   Defendants CRA's violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain

7

COMPLAINT

reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

43.   As a result of this conduct, action and inaction of Defendants CRA's, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

44.   Defendants CRA's' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

45.   Plaintiffs are entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## THIRD CLAIM FOR RELIEF

### (Failure to Respond to QWR as to Defendant SunTrust– 12 U.S.C. § 2605(e))

46.   Plaintiffs reallege and incorporate paragraphs 1 through 35 above as if fully set forth herein.

47.   GREEN TREE failed to respond to the Qualified Written Request within 30 days as required by U.S.C. Section 2605(e)(2) as amended effective July 16, 2010, by section 1463(c)(2) of the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

48.   As a result of this conduct, action and inaction of Defendant GREEN TREE, Plaintiffs have suffered actual damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials given that Plaintiffs were unable to verify with the CRA's the information provided by BAC.

## FOURTH CLAIM FOR RELIEF

1    **(Failure to Investigate by SunTrust – 15 U.S.C. § 1681s-2(b)(1)(A)-(E))**

2         49.    Plaintiffs reallege and incorporate paragraphs 1 through 38 above as if

3    fully set forth herein.

4         50.    Defendant GREEN TREE violated 15 U.S.C. § 1681s-2(b)(1) by

5    failing, upon receiving notice of the dispute by Plaintiffs from the Defendant

6    CRA's, to conduct a lawful investigation; by failing to review all relevant

7    information provided by the Defendants CRA's; by failing to report the results of its

8    investigation to the CRA's; if the investigation finds that the information is

9    incomplete or inaccurate, by failing to report those results to the Defendants CRA's;

10   and/or if the information disputed by Plaintiffs is found to inaccurate or incomplete

11   or cannot be verified after any reinvestigation by failing to modify, delete, or

12   permanently block the reporting of that item of information.

13        51.    As a result of this conduct, action and inaction of Defendant GREEN

14   TREE, Plaintiffs have suffered damages by loss of credit, loss of ability to purchase

15   and benefit from credit, the mental and emotional pain and anguish and the

16   humiliation and embarrassment of credit denials.

17        52.    Defendant BAC's conduct, action, and inaction was willful, rendering

18   it liable for punitive damages in an amount to be determined by the Court pursuant

19   to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiffs to

20   recover under 15 U.S.C. § 1681o.

21        53.    Plaintiffs are entitled to recover attorney's fees from Defendants in an

22   amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

23   1681o.

24                                    **DEMAND**

25        WHEREFORE, Plaintiffs demand judgment for statutory, compensatory, and

26   punitive damages against Defendants, jointly and severely; for his attorney's fees

27   and costs; for pre-judgment and post-judgment interest at the legal rate; and such

28   other relief the Court deems just, equitable, and proper.

COMPLAINT

1

2   DATED: February 17, 2013        **CENTURY LAW GROUP LLP**

3

4                                   By: _____

5                                       Edward O. Lear
                                        Rizza D. Gonzales
6                                       Attorneys for Plaintiffs
                                        Richard A. Papapietro, Jr. and
7                                       Frances Papapietro

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiffs hereby demand a jury trial of this action.

3

4    DATED:      February 15, 2013          **CENTURY LAW GROUP LLP**

5

6                                          By: _____

7                                          Edward O. Lear
                                           Rizza D. Gonzales
8                                          Richard A. Papapietro, Jr. and
                                           Frances Papapietro
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT