**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD A. PAPAPIETRO, JR. AND FRANCES L. PAPAPIETRO,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND GREEN TREE SERVICING, LLC,**<br><br>Defendants. | Case No.: 13-CV-770 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANT GREEN TREE SERVICING, LLC TO DISMISS AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT** |

Plaintiffs Richard A Papapietro, Jr. and Frances L. Papapietro bring this action against four defendants: Trans Union LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Green Tree Servicing, LLC. Plaintiffs allege claims for violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601-2617.

Defendant Green Tree Servicing, LLC ("Green Tree") has filed a Motion to Dismiss the claims against it, *i.e.* the third claim for violation of RESPA and the fourth claim for violation of FCRA, on the grounds that Plaintiffs fail to state a claim against Green Tree and the complaint should be dismissed against it under FRCP 12(b)(6).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby Orders that the Motion is **GRANTED IN PART, WITH LEAVE TO AMEND, AND DENIED IN PART**.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **July 23, 2013**. The motion to appear by phone, Dkt. No. 41, is **DENIED AS MOOT**.

**I.   SUMMARY OF ALLEGATIONS**

Plaintiffs allege that they previously had a mortgage loan secured by a deed of trust on a piece of property in Copperopolis, California. (Complaint, Dkt. 1, ¶ 15.)[2] Servicing of the mortgage was transferred to Green Tree on April 1, 2010. (¶ 16.) On or about July 27, 2010, the property was sold through a non-judicial foreclosure. (¶ 21.)[3]

Plaintiffs allege that their credit reports with all three credit reporting information contain inaccurate information regarding the former mortgage serviced by Green Tree, including, (1) "[a] charge-off amount of one hundred thirty-five thousand, nine hundred and fifty-two dollars ($135,952.00) when the property was subject to foreclosure;" (2) late payments "when none should be reported due to the foreclosure;" and (3) "[a] foreclosure date of July 2011, when the Plaintiffs' House was foreclosed upon on July 27, 2010." (¶ 23.) Plaintiffs sent letters to the credit reporting agencies notifying them of the erroneous information and received no response from them. (¶ 25.) Although Plaintiffs received confirmation that these letters were received, they allege that the credit reporting agencies did not evaluate or consider the information in the letters and did not make any attempt to verify the representations from their creditors that led to the alleged errors. (¶¶ 25, 26, 27.)

Plaintiffs allege that Green Tree is a "furnisher" of information to the consumer reporting agencies, as defined in FCRA, 15 U.S.C. § 1681$s$-2. Plaintiffs further allege that the credit reporting agencies forwarded notice of a dispute to Green Tree and Green Tree failed to conduct a lawful investigation. (¶¶ 28, 29.) However, the Court notes that these allegations are made on information and belief and in the alternative Plaintiffs' allegations that the credit reporting agencies never contacted Green Tree. (¶¶ 27-29.)

Plaintiffs also allege that, on October 23, 2012, they sent a letter to Green Tree which: (1) stated it was a "qualified written request" ("QWR") being made pursuant to RESPA; (2) included Plaintiffs' name, property address, and loan number of the mortgage; and (3) stated that they sought

---

[2] All further "¶"citations refer to the Complaint, unless otherwise indicated.
[3] Green Tree seeks judicial notice of the deed of trust and trustee's deed upon sale for the property at issue. However, neither document is relevant to the matters at issue in the motion. The request for judicial notice is therefore **DENIED**.

2

to correct inaccuracies being reported by the credit reporting agencies and the reasons they believed their account was in error. (¶¶ 31-33.)

## II. STANDARDS APPLICABLE TO THE MOTION

Green Tree moves under FRCP 12(b)(6), challenging the legal sufficiency of the claims alleged. "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).

Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). A plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). In sum, if the facts alleged foster a reasonable inference of liability—stronger than a mere possibility—the claim survives; if they do not, the claim must be dismissed. *See Iqbal,* 556 U.S. at 678–79.

## III. DISCUSSION

### A. THIRD CLAIM FOR RELIEF UNDER RESPA

Plaintiffs allege that Green Tree failed to respond to a QWR within 30 days as required by 12 U.S.C. § 2605(c)(2) (as amended by section 1463(c)(2) of the Dodd-Frank Financial Reform Act

1  and Reg. X Section 3500.21(e)(1)).  Green Tree argues that these allegations are insufficient to
2  state a RESPA claim for four reasons: (1) the letter was not a valid QWR within the meaning of the
3  statute because it was related to foreclosure, not loan servicing; (2) the letter did not provide a
4  statement of reasons or sufficient detail about the information sought; (3) Plaintiffs do not allege
5  pecuniary damage; and (4) the claim is untimely.

6  On the first point, Plaintiffs allege that the letter requested the identity of all parties with an
7  interest in the Mortgage and an accounting of all payments and credits in order to verify the
8  information Green Tree was giving to credit reporting agencies.  (¶ 30.)  The nature of the
9  information allegedly sought is consistent with 12 U.S.C. § 2605(e)(1)(A) since it includes
10 servicing information such as the amount of payments scheduled and received on the loan.  Green
11 Tree's citations to *Consumer Solutions REO, LLC v Hillery,* 658 F.Supp.2d 1002, 1014 (N.D. Cal.
12 2009), and other similar cases outside this district are unavailing.  Unlike *Consumer Solutions*, here
13 Plaintiffs are not challenging the validity of the mortgage or the foreclosure, but instead are
14 challenging inaccurate reporting of a charge off and late payments after the foreclosure, as well as
15 an inaccurate foreclosure sale date. (Compare *id.* with ¶ 23.)  Plaintiffs have therefore sufficiently
16 alleged that the letter was a QWR.

17 As to Green Tree's second argument, the Complaint sufficiently alleges that the letter
18 included a statement of reasons for the inquiry as required by the RESPA statute.  Plaintiffs allege
19 that their letter stated the reasons they believed their account was in error as to reported chargeoff
20 amounts, late payments and the foreclosure sale date, and that the purpose of the letter was to
21 correct those inaccuracies.  (¶¶ 22-23, 33.)  A request must contain certain information in order to
22 constitute a QWR under 12 U.S.C. § 2605(e), including a statement of reasons for the borrower's
23 belief that the account is in error or the information sought by the borrower.  12 U.S.C. §
24 2605(e)(1)(B)(ii).  These allegations are sufficiently detailed.  *Cf. Shkolnikov v. JPMorgan Chase*
25 *Bank*, 12-03996 JCS, 2012 WL 6553988 (N.D. Cal. Dec. 14, 2012) (QWR sufficient if provides
26 sufficient detail with statement of reasons for believing that account is in error or for other
27 information sought);

28

Unlike the cases cited by Green Tree, Plaintiffs here allege servicing errors stated in their letter submitted to Green Tree in October 2012. *Cf. Phillips v. Bank of Am. Corp.*, C 10-0400 JF (HRL), 2010 WL 1460824 (N.D. Cal. Apr. 9, 2010) (request not a QWR where it only seeks "information and states that Plaintiff 'is currently dealing with some financial issues' and seeks to modify the terms of the loan"); *Pettie v. Saxon Mortgage Servs.*, C08-5089RBL, 2009 WL 1325947 (W.D. Wash. May 12, 2009) (plaintiffs disputed amount due but did not allege any servicing errors); *Walker v. Equity 1 Lenders Grp.*, 09CV325 WQHAJB, 2009 WL 1364430 (S.D. Cal. May 14, 2009) (complaint filed with the court alleging RESPA violation could not itself be considered QWR).

Third, as to damages, Plaintiffs' allegations do not indicate what actual damage they have suffered sufficient to support the claim. Plaintiffs allege, in a conclusory manner, that they "suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials." (¶ 38.) Section 2605(f)(1) requires a RESPA plaintiff to allege that "actual damages" flowed from an alleged violation. *See Phillips v. Bank of Am. Corp.*, C 10-0400 JF (HRL), 2010 WL 1460824 (N.D. Cal. Apr. 9, 2010) (Section 2605(f)(1)(A) requires expressly that RESPA plaintiffs allege "actual damages" flowed from the alleged violation, not just damages). While allegations of costs and time spent relative the QWR may constitute actual damages, as may emotional distress resulting from financial loss, mere allegations of damage to credit rating without some resulting effect are insufficient. *See Lawther v. Onewest Bank*, C 10-0054 RS, 2010 WL 4936797 (N.D. Cal. Nov. 30, 2010) ("Courts in the Ninth Circuit have interpreted the pecuniary loss requirement liberally; several have considered an averment of emotional harm sufficient to recover actual damages under RESPA" but events must be connected to RESPA violation); *Amaral v. Wachovia Mortgage Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) (dismissing RESPA claim where there were no allegations in the complaint suggesting that Plaintiffs suffered actual damages as a result of alleged violation); *Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 816-17 (N.D. Ill. 2001). Here, Plaintiffs' allegations fall into the latter category, since they do not state actual pecuniary loss resulting from the RESPA violation.

1 Finally, Plaintiffs have not alleged facts sufficient to show that their claim is not otherwise
2 time-barred. Green Tree argues that a written request need not be treated as a qualified written
3 request if it was delivered to the servicer more than one year after either: (1) the date of transfer of
4 servicing; or (2) the date that the mortgage servicing loan amount was paid in full, such as through
5 the foreclosure here. RESPA Regulation X, 12 C.F.R. § 1024.21(e)(2)(ii). Plaintiffs concede that
6 their QWR was not sent within one year of the July 16, 2010 foreclosure date, but contend that the
7 statute of limitations should be tolled because they were not aware of the misreporting of their
8 information until much later. However, there are no allegations to this effect in the complaint. And
9 while the parties appear to agree that the statute of limitations applicable here is the one-year period
10 stated in Regulation X, neither party offers any legal authority as to whether tolling is or is not
11 permitted relative to the one-year statute of limitations.

12 Based upon the foregoing, the motion to dismiss the RESPA claim is **GRANTED WITH
13 LEAVE TO AMEND** to allege, if possible, facts to establish: (1) actual damages; and (2) a cognizable
14 basis for tolling the applicable time limitation.

15 **B. FOURTH CLAIM FOR RELIEF UNDER FCRA**

16 Plaintiffs' fourth claim alleges that Green Tree violated 15 U.S.C. § 1681$s$-2(b)(1) because,
17 after receiving notice of Plaintiffs' dispute from the credit reporting agencies, Green Tree failed to
18 conduct an investigation, to review relevant information, and to report corrections to the credit
19 reporting agencies. (¶ 50.) Green Tree argues that Plaintiffs' FCRA claim fails because there is no
20 private right of action for consumers against a "furnisher" of credit information for erroneous
21 reporting, whether willful or negligent. Plaintiffs argue that Green Tree misunderstands the
22 applicable law. Both sides cite *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057 (9th
23 Cir. 2002).

24 In *Nelson*, the Ninth Circuit considered whether there was a private right of action under the
25 FCRA permitting suit by a consumer against a furnisher of credit reporting information who
26 violates the duties imposed under section 1681s-2 of the FCRA. *Nelson,* 282 F.3d at 1059. Those
27 duties include a prohibition against furnishing inaccurate information to a credit reporting agency
28 after notice of actual inaccuracy from the affected consumer, as well as a duty to correct and update

information provided so that it is "complete and accurate." *Id.*, citing section 1681*s*-2(a)(1)(A) and (B). The Ninth Circuit held that, despite the limitations on a private right of action stated in 1681s-2(d), Congress had amended the FCRA, adding section 1681*n* and 1681*o* to permit private enforcement where consumers first went through the "filtering mechanism in § 1681*s*-2(b)" of notifying the credit reporting agency and giving the furnisher the "opportunity. . . to save itself from liability by taking the steps required by § 1681*s*-2(b)." *Id.* at 1060.

Here, Plaintiffs have alleged that they first reported the inaccuracies to the credit reporting agencies and that, on information and belief, Green Tree received notice of those inaccuracies from the credit reporting agencies but failed to take the steps required to investigate or report any inaccuracy to the credit reporting agencies. (¶ 50.) Green Tree's attempt to distinguish *Nelson* as only applying when the information furnisher acknowledges the error and thereafter fails to correct it is not persuasive. Further, Green Tree's argument that Plaintiffs must allege the facts of the violation with more specificity is likewise without merit. Plaintiffs have alleged sufficient facts to state a plausible claim for Green Tree's failure to comply with its duties under section 1681s-2 of the FCRA. Therefore the Court **DENIES** the motion to dismiss as to the FCRA claim.

## IV. CONCLUSION

Based upon the foregoing, the Motion to Dismiss is **GRANTED IN PART** as to the RESPA claim and **DENIED IN PART** as to the FCRA claim. Leave to amend as to the RESPA claim is **GRANTED** to permit Plaintiffs to allege actual damages and a basis for avoiding dismissal for untimeliness.

Plaintiffs are also directed to correct the error in the headings to the third and fourth claims regarding "SunTrust," which is not a party to this action.

Plaintiffs shall file their amended complaint no later than **August 20, 2013**. Defendants shall file their responses within 21 days thereafter.

This Order terminates Docket Nos. 11 and 41.

**IT IS SO ORDERED**.

**Date: July 19, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**